IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| Mitchell David Holbach, | ) | |
| | ) | |
| Plaintiff, | ) | **REPORT AND RECOMMENDATIONS** |
| | ) | **RE MOTION TO PROCEED** |
| vs. | ) | ***IN FORMA PAUPERIS*** |
| | ) | |
| Wayne Stenejhem, | ) | Case No. 1:12-cv-170 |
| North Dakota Attorney General, | ) | |
| | ) | |
| Defendant. | ) | |

Before the court is a motion to proceed *in forma pauperis* filed by plaintiff Mitchell David Holbach on December 27, 2012. (Docket No. 1). Judge Hovland has referred the motion to the undersigned for preliminary consideration. For the reasons set for below, the undersigned recommends that the motion be denied.

**I.  BACKGROUND**

Holbach has previously filed multiple civil rights actions and habeas petitions in this court. When his motion to proceed *in forma pauperis* in the above-entitled action was filed, he was detained at the Ward County Jail in Minot, North Dakota pending trial on state terrorizing charges. (Docket No. 1, ¶¶ 1-3; 2, ¶¶ 3-7). In addition to the motion to proceed *in forma pauperis* (Docket No. 1), Holbach filed a proposed complaint (Docket No. 2), a motion for injunctive relief (Docket No. 3), and a motion for appointment of counsel (Docket No. 4). Holbach asserts this action "is brought pursuant to 18 U.S.C. §§ 1964(c); 18 U.S.C. §§ 1961-1968 [the Racketeer Influenced and Corrupt Organizations Act]; 42 U.S.C. §§ 1983; 42 U.S.C. §§ 1985; 42 U.S.C. §§ 1987; 42 U.S.C. §§ 1988." (Docket No. 2, p. 1).

1

In the proposed complaint, Holbach alleges that his pretrial detention on the state terrorizing charges and the initiation of state civil commitment proceedings violate his constitutional rights. (Docket No. 2, ¶¶ 2-9, 38). He also includes several allegations relating to his past convictions for stalking and disobeying a judicial order. (Docket No. 2, ¶¶ 10-37). Regarding his current detention, Holbach alleges that "Respondent(s) are detaining me pursuant to an unconstitutional state statute, identified as North Dakota Century Code [§] 12.1-17-04, Terrorizing, a Class C Felony." (Docket No. 2, ¶ 3). He alleges that he has been subjected to "excessive and oppressive pre-trial detention" and that "Respondent(s) are wrongfully and maliciously subjecting Petitioner to competency proceedings, to delay the criminal proceeding, and to harass and prejudice Petitioner." (Docket No. 2, ¶¶ 5, 8). He further alleges that he is under "imminent danger of serious physical harm" because:

> Respondent(s) are attempting to, and intend to involuntarily commit me to a mental health institutional facility so they can forcibly medicate, drug, or tranquilize me to conduct an illegal search and seizure of my person and mind in violation of the Constitution of the United States, Fourth Amendment. If I resist, they will forcibly inject me. They will seize blood or other samples from me.

(Docket No. 2, ¶¶ 1-2; see Docket No. 1, ¶ 17).

In his prayer for relief Holbach requests that "this Court issue an injunction protecting Petitioner from Respondents[']s actions, that Respondents have acted unlawfully (ab-initio), that this court hold an evidentiary hearing on Petitioner's claims." (Docket No. 2, p. 7). In his motion for injunctive relief, he requests the court to issue an injunction "prohibiting the respondent(s) from forcibly medicating petitioner or involuntarily committing petitioner to a mental health treatment facility for examination." (Docket No. 3).

## II. DISCUSSION

The Prison Litigation Reform Act ("PLRA") was enacted "with the principal purpose of deterring frivolous prisoner litigation by instituting economic costs for prisoners wishing to file civil

claims." Murray v. Dosal, 150 F.3d 814, 816 (8th Cir. 1998) (per curiam) (quoting Lyon v. Krol, 127 F.3d 763, 764 (8th Cir. 1997)). The PLRA includes a "three strikes" provision that prohibits a prisoner who has had three prior actions or appeals dismissed as frivolous, malicious, or for failure to state a claim from bringing a civil action *in forma pauperis* "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

This court previously determined that Holbach has accumulated at least three, and likely four, strikes under § 1915(g).[1] Holbach v. North Dakota, Case No. 1:11-cv-052, Docket No. 8 (D.N.D. Aug. 24, 2011); Holbach v. City of Minot, Case No. 4:11-cv-057, Docket No. 7 (D.N.D. Aug. 24, 2011). Therefore, he is subject to the "three strikes" bar against proceeding *in forma pauperis* unless he has sufficiently pled the existence of an imminent danger of serious physical injury. Further, this remains true even though Holbach may have been civilly committed since commencing this action. This is because a litigant's status under the PLRA is determined as of the time of the filing of his complaint. Williams v. Scalleta, 11 F. App'x 677, 678 (8th Cir. 2001) (unpublished per curiam) ("Congress's definition [in § 1915(h)] of 'prisoner' as one who is

---

[1] Holbach accumulated "strikes" as follows:

- Holbach accumulated one strike in Holbach v. Murphy, No. 4:08-cv-074, 2008 WL 4661481 (D.N.D. Oct. 20, 2008), aff'd, No. 08-3741 (8th Cir. Aug. 13, 2009), for the dismissal of his § 1983 action because all claims were frivolous, were barred by Heck v. Humphrey, 512 U.S. 477 (1994), or were otherwise deficient for failure to plead sufficient facts to state a cognizable claim.

- Holbach likely accumulated another strike in Holbach v. McLees, No. 4:09-cv-025, 2009 WL 1688180 (D.N.D. June 16, 2009), aff'd, 366 F. App'x 703 (8th Cir. 2010), for the dismissal of his § 1983 action because the state district court judge named as the defendant was entitled to absolute judicial immunity.

- Holbach accumulated another strike in Holbach v. Jenkins, No. 4:09-cv-026, 2009 WL 2382756 (D.N.D. July 30, 2009), aff'd, 366 F. App'x 703 (8th Cir. 2010), for the dismissal of his § 1983 action for failure to state a cognizable federal constitutional claim.

- Holbach accumulated another strike in Holbach v. Attorney General of North Dakota, No. 1:09-cv-067, Docket No. 5 (D.N.D. November 5, 2009), aff'd 366 F. App'x 702 (8th Cir. 2010), for the dismissal of his § 1983 action because his claims were Heck-barred, frivolous, or otherwise deficient for failure to plead sufficient facts to state a cognizable claim.

incarcerated necessarily refers to the individual's status at the time the civil action is filed or appealed."); see Doe v. Washington County, 150 F.3d 920, 924 (8th Cir. 1998) (holding the PLRA provision at 42 U.S.C. § 1997e did not apply to a plaintiff who was not a prisoner when he filed suit); 28 U.S.C. § 1915(h) (defining "prisoner" to include "any person incarcerated or detained in any facility who is accused of . . . violations of criminal law[.]").

To satisfy the serious physical injury exception, Holbach may not rely on "general assertion[s]" but rather must plead "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003); see Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998) (holding the danger of imminent injury under § 1915(g) must exist at the time of filing). This Holbach has not done. He has not alleged he was in danger at the facility where he was detained at the time he filed the complaint. Further, even if his transfer to a mental health institution was imminent, that by itself does not portend danger of serious physical injury.

The allegation that comes closer to the mark is Holbach's claim that he will be involuntarily medicated upon transfer to a mental health facility. But, even if involuntary medication necessarily involves a risk of serious physical injury,[2] the allegation here is speculative and conclusory since involuntary medication may not always follow placement in a mental health facility.

---

[2] At least one court has said this is not always true. See Smith v. Rohling, Civ. No. 0-3184-SAC, 2011 WL 1326038 (D. Kan. Apr. 6, 2011) (holding the involuntary administration of psychotropic medication following a hearing and physician review did not put inmate in imminent danger of serious physical harm); cf. N.D.C.C. § 25-03.1-18.1 (establishing the procedure for obtaining court authorization for involuntary treatment with prescribed medication).

4

In summary, because Holbach has accumulated three strikes and has failed to sufficiently allege an imminent danger of serious physical injury existing at the time of the filing of his action, he is not entitled to proceed *in forma pauperis* - at least with respect to this complaint.

Finally, Holbach's complaint faces an additional hurdle. As Holbach's complaint is presently framed, he seeks injunctive relief with respect to an ongoing state criminal prosecution. At the very least, this court would likely be required to abstain under the principles enunciated in Younger v. Harris, 401 U.S. 37 (1971), until Holbach exhausted his state-court remedies with respect to the particular relief being sought, and there is nothing suggesting that Holbach has fully exhausted his remedies, including seeking the appropriate relief from the North Dakota Supreme Court, whether that be an interlocutory appeal, a state petition for habeas relief, or a request for an extraordinary writ. See, e.g., Brock v. Joyce, 30 F. App'x 674 (8th Cir. 2002) (unpublished per curiam); Lewellen v. Raff, 843 F.2d 1103, 1109 (8th Cir. 1988). Further, the same would be true even if Holbach's complaint was construed as a request for habeas relief. See, e.g., Lazarus v. Baca, 389 F. App'x 700 (9th Cir. 2010) (unpublished memorandum opinion); Politano v. Miller, Civ. No. 08-238, 2008 WL 906300, at *3 (D. Minn. Mar. 31, 2008). Consequently, while the recommendation is that Holbach be allowed to proceed with the present complaint if he advances the filing fee, he would be better advised to simply file a new pleading reflecting the current circumstances once he is in a position to satisfy any prerequisites for the relief being sought. In fact, the court is aware that Holbach may now be in the process of doing that.

### III. CONCLUSION AND RECOMMENDATION

For the reasons stated above, the undersigned **RECOMMENDS** that:

1. Holbach's motion to proceed *in forma pauperis* (Docket No. 1) be **DENIED**; and

2. The complaint be **DISMISSED** without prejudice within thirty (30) days if Holbach has not paid the full filing fee.

## NOTICE OF RIGHT TO FILE OBJECTIONS

Pursuant to D.N.D. Civil L.R. 72.1(D)(3), any party may object to this recommendation within fourteen (14) days after being served with a copy of this Report and Recommendation. Failure to file appropriate objections may result in the recommended action being taken without further notice or opportunity to respond.

Dated this 13th day of February, 2013.

                                                          */s/ Charles S. Miller, Jr.*
                                                          Charles S. Miller, Jr.
                                                          United States Magistrate Judge